UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>               Plaintiff<br><br>v.<br><br>PAUL A. ALLAIRE, G. RICHARD THOMAN, BARRY D. ROMERIL, PHILIP D. FISHBACH, DANIEL S. MARCHIBRODA, AND GREGORY B. TAYLOR,<br><br>               Defendants. | CIVIL ACTION NO: 03 cv 4087 (DLC)<br><br><br><br><br><br><br><br>May 6, 2019 |

**MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO Fed. R. Civ. P. 60(b)(4), AND PROPOSED AMENDED CONSENT OF DEFENDANT BARRY D. ROMERIL, WITH SUPPORTING AFFIDAVIT AND MEMORANDUM OF LAW**

Defendant Barry D. Romeril hereby moves pursuant to Fed. R. Civ. P. 60(b)(4) for relief from Judgment entered on June 16, 2001 as incorporating a void and unconstitutional prior restraint on speech in violation of the First Amendment of the United States Constitution and controlling Second Circuit case law, and for other reasons more fully set forth in the memorandum of law that accompanies this motion.

In support of this motion, Defendant appends his proposed Amended Consent of Defendant Barry D. Romeril (Exhibit A) to be substituted as an Exhibit to the Motion for Final Judgment and Final Judgment entered on Motion by the Court (Document # 4).

1

The Affidavit of Defendant Barry D. Romeril in Support of this Motion is also appended hereto as Exhibit B.

A Memorandum of Law in Support of this Fed. R. Civ. P. 60(b)(4) motion accompanies the motion.

                                                       Respectfully submitted,

                                                       /s/ Margaret A. Little, ct000317

                                                     Margaret A. Little (pro hac vice), CT Bar No. 303494
                                                     Caleb Kruckenberg, *admitted in New York*
                                                     New Civil Liberties Alliance
                                                     1225 19th St. NW, Suite 450
                                                     Washington, DC 20036
                                                     Telephone: 202-869-5212
                                                     Email: peggy.little@ncla.legal
                                                     Email: caleb.kruckenberg@ncla.legal
                                                     *Attorneys for Defendant Barry D. Romeril*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff<br><br>v.<br><br>PAUL A. ALLAIRE, G. RICHARD THOMAN, BARRY D. ROMERIL, PHILIP D. FISHBACH, DANIEL S. MARCHIBRODA, AND GREGORY B. TAYLOR,<br><br>Defendants. | CIVIL ACTION NO:<br>03 CV 4087 (DLC) |

## **CONSENT OF DEFENDANT BARRY D. ROMERIL**

1. Defendant Barry D. Romeril ("Defendant') acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over the Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto and incorporated by reference herein, which, among other things:

   (a) permanently restrains and enjoins Defendant from violation of Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b); 78m(b)(5)] and Rules 10b-5 and 13b2-1 promulgated thereunder, [17 CFR §§ 240.10b-5; 240.13b2-1];

1

    (b) permanently restrains and enjoins Defendant from aiding and abetting violations of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act, [15 U.S.C. §§ 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B) and Rules 12b-20, 13a-1, and 13a-13 promulgated thereunder, [17 CFR §§ 240.12b-20, 240.13a-1 and 240.13a-13].

    (c) orders Defendant to pay disgorgement in the amount of $2,987,282 plus prejudgment interest thereon in the amount of $1,227,688;

    (d) orders Defendant to pay civil penalty in the amount of $1,000,000 under Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)]; and

    (e) permanently prohibits Defendant, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78(d)(2)], from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

3.   Defendant agrees that Defendant shall not seek or accept, directly or indirectly, reimbursement or indemnification, including but not limited to payment made pursuant to any insurance policy, with regard to all penalty amounts that Defendant shall pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that Defendant shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant shall pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.   Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.   Defendant waives the right, if any, to appeal from the entry of the Final Judgment.

6.   Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement from the Unites States, or any agency, or any official of the United States acting in his or her official capacity, of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) will accept service by mail or facsimile transmission of notices or subpoenas for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (ii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iii) with respect to such notices and subpoenas,

waives the territorial limits on service (but not attendance) contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; (iv) pursuant to a subpoena served in compliance with paragraph 12(i)-(iii), will attend a deposition, hearing or trial and/or produce and permit the inspection and copying of documents at a place within 100 miles from the place where he resides, is employed, or regularly transacts business in person or within 100 miles of the United States District Court in which SEC v. KPMG, et al. is pending; and (v) for purposes of enforcing any subpoena served in compliance with paragraph 12(i)-(iii) and specifying a place permitted under paragraph 12(iv), consents to personal jurisdiction in the United States District Court in which SEC v. KPMG, et al. is pending.

13.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

15.     Except as explicitly provided in this Final Judgment and Consent, nothing herein is intended to or shall be construed to have created, compromised, settled or adjudicated any claims, causes of action, or rights of any person whomsoever, other than as between the Commission and Defendant, in accordance with the Consent.

16.     Defendant states that it is his intention that this Consent, the Complaint and Final Judgment not constitute collateral estoppel as to any issue of law or fact nor constitute a record, report, statement or data compilation within the meaning of Rule 803(8) of the Federal Rule of Evidence. Defendant understands that the Commission takes no position concerning Defendant's statement or his intention.

Dated: _____

                                               Barry D. Romeril

On _____, 2019, Barry D. Romeril, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

                                               Notary Public
                                               Commission expires:

Approved as to form:

Margaret A. Little
Caleb Kruckenberg
New Civil Liberties Alliance
1225 19th Street N.W., Suite 450
Washington, D.C. 20036
(202) 869-5210
*Attorneys for Defendant*

## REQUEST FOR ENTRY

Plaintiff Securities and Exchange Commission respectfully requests entry of the Final Judgment as to Barry D. Romeril submitted with this Consent.

                                             Counsel for the Plaintiff
                                             Securities and Exchange Commission

Dated: _____

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff<br><br>v.<br><br>PAUL A. ALLAIRE, G. RICHARD THOMAN, BARRY D. ROMERIL, PHILIP D. FISHBACH, DANIEL S. MARCHIBRODA, AND GREGORY B. TAYLOR,<br><br>Defendants. | CIVIL ACTION NO: 03 CV 4087 (DLC) |

## AFFIDAVIT OF BARRY D. ROMERIL IN SUPPORT OF DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO Fed. R. Civ. P. 60(b)(4)

I, Barry D. Romeril, declare under penalty of perjury that the following is true and correct to the best of my present knowledge, information and belief:

1. I am a resident of the State of Florida and a Defendant in this matter.

2. I am over the age of 18 years and believe in the obligations of an oath.

3. The June 5, 2003 final order by this court incorporated a consent order between the United States Securities and Exchange Commission (SEC) and me that required that I agree to a gag order.

4. I wish to speak, write and/or publish about my prosecution by the SEC. In addition, I wish to petition the government through the exercise of my First Amendment rights to secure changes in SEC enforcement practices, including, but not limited to SEC's insistence upon including gag orders in their consent agreements. I am unable to exercise these rights of free expression because of a gag order that prohibits me from disputing the truth of any of the

allegations made against defendants in the above entitled matter and further to "agree[] not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis." Consent Order, Ex. A to Motion of Barry D. Romeril.

5. The gag order is worded so vaguely and reaches so broadly, that I am unable to speak without fear of a reopened prosecution because of the provision of that gag order that allows SEC to "petition the Court to vacate the Final Judgment and restore this action to its active docket" if they unilaterally deem me to be in breach of that provision.

6. Since the final order was entered nearly 16 years ago, I have been deprived of my right to speak, write, or publish my account of the events leading to this final order without fear of a reopened prosecution.

7. Since the final order was entered, I have been deprived of my First Amendment rights to defend myself in the media.

8. Since the final order was entered, I have been unable to petition Congress or the SEC for reform without fear of a reopened prosecution.

*/s/ Barry D. Romeril*
Barry D. Romeril

State of Florida )
County of BROWARD ) at Weston, FL.

Subscribed and sworn to before me this 30 day of April, 2019.

(Notary Public)
My Commission Expires

LOUIS J KIM
Notary Public - State of Florida
Commission # GG 059180
My Comm. Expires Apr 23, 2021

2


## **CERTIFICATE OF SERVICE**

I certify that on this 6th day of May, 2019, I have served a copy of the above and foregoing on all counsel of record through the Court's CM/ECF system.

                        /s/ Margaret A. Little
                        Margaret A. Little (pro hac vice), CT Bar No. 303494