```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     :
SECURITIES AND EXCHANGE COMMISSION,  :
                                     :       03cv4087 (DLC)
                    Plaintiff,       :
                                     :       OPINION AND ORDER
           -v-                       :
                                     :
PAUL A. ALLAIRE, G. RICHARD THOMAN,  :
BARRY D. ROMERIL, PHILIP D.          :
FISHBACH, DANIEL S. MARCHIBRODA,     :
and GREGORY B. TAYLOR,               :
                                     :
                    Defendants.      :
                                     :
-------------------------------------X
```

APPEARANCES

For the plaintiff:
Matthew S. Ferguson
Jeffrey A. Berger
David J. Gottesman
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549

For defendant Barry D. Romeril:
Margaret A. Little
Caleb Kurckenberg
New Civil Liberties Alliance
1225 19th Street NW, Suite 450
Washington, DC 20036

DENISE COTE, District Judge:

   Almost sixteen years after entering a consent agreement ("Consent") with the Securities and Exchange Commission ("SEC"), defendant Barry D. Romeril ("Romeril") moves pursuant to Rule 60(b)(4), Fed. R. Civ. P., to vacate it. Romeril argues that a no-deny provision in the Consent, which was incorporated into an

Order of Final Judgment ("Judgment"), violates the First Amendment by forbidding him from publicly denying allegations in the SEC complaint. Romeril's motion is untimely and, in any event, fails to allege a jurisdictional defect or violation of due process that would permit relief under Rule 60(b)(4).

## Background

On May 3, 2002, Xerox Corp. ("Xerox") agreed to restate its financial results, pay a $10 million penalty, and enter a consent judgment to resolve a multibillion dollar accounting fraud action brought against Xerox by the SEC. This was the largest corporate penalty imposed as of that date through an SEC action.

On June 5, 2003, the SEC filed a complaint against Romeril and the others alleging their participation in the accounting fraud at Xerox. Romeril was the Chief Financial Officer of Xerox and a central figure in the SEC's complaint.

Romeril promptly settled with the SEC and signed the Consent, which was incorporated into the Judgment entered on June 13, 2003. In the Consent, Romeril admitted "the Court's jurisdiction over [him] and over the subject matter of this action." Without admitting or denying the allegations of the SEC complaint (except as to personal and subject matter jurisdiction), he agreed to pay disgorgement, prejudgment

interest, and civil penalties in excess of $5 million and to be enjoined from violating specified securities laws in the future. Romeril further agreed that he had entered into the Consent voluntarily and that "no threats, offers, promises, or inducements of any kind" had been made by the SEC to induce him to enter into the Consent.  He agreed that the Consent would be incorporated into the Judgment and that this Court would retain jurisdiction to enforce it.  He waived, however, the entry of findings of fact and conclusions of law, as well as any right he may have to appeal the Judgment.

The Consent contains a no-deny provision.  That provision states, in pertinent part:

> Defendant understands and agrees to comply with the [SEC]'s policy 'not to permit a defendant . . . to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint . . . .'  17 C.F.R. § 202.5.  In compliance with this policy, Defendant agrees not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis.  If Defendant breaches this agreement, the [SEC] may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendants: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation in which the [SEC] is not a party.

The no-deny provision reflects a policy of the SEC, enacted in 1972, to prohibit settlement agreements in which a defendant consents to a judgment that imposes a sanction

while denying the allegations in the complaint.  See 17 C.F.R. § 202.5(e).  The policy was designed to "avoid creating, or permitting to be created, an impression that a decree is being entered or sanction imposed, when the conduct alleged did not, in fact, occur."  Id.

On May 6, 2019, Romeril moved under Rule 60(b)(4) to vacate the Judgment to the extent it incorporates the no-deny provision of the Consent.  He asserts that he now wishes to engage in truthful speech concerning the SEC's claims against him, even if that speech directly or indirectly denies allegations in the SEC complaint or creates an impression that the complaint is without factual basis.  Romeril has submitted a proposed amended consent excising the offending language.

## Discussion

"Relief under Rule 60(b) is generally not favored and is properly granted only upon a showing of exceptional circumstances."  Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co., 609 F.3d 122, 131 (2d Cir. 2010) (citation omitted).  Rule 60(b)(4) authorizes a court to relieve a party from a final judgment only if "the judgment is void."  Fed. R. Civ. P. 60(b)(4).  A judgment is void if it is "so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final."  United Student Aid Funds v.

4

Espinosa, 559 U.S. 260, 270 (2010).  The rule "strikes a balance between the need for finality of judgments and the importance of ensuring that litigants have a full and fair opportunity to litigate a dispute."  Id. at 276.  Accordingly, the list of infirmities that may be raised by a motion under Rule 60(b)(4) "is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule."  Id. at 270.  A judgment is not void, for example, merely because it is erroneous.  Id.  Nor is a motion under Rule 60(b)(4) "a substitute for a timely appeal."  Id.

Relief from a judgment pursuant to Rule 60(b)(4) will be "rare"; it is available in only two circumstances.  Id. at 271.  The movant must demonstrate either "a certain type of jurisdictional error" or "a violation of due process that deprives a party of notice or the opportunity to be heard."  Id.; see also City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 138 (2d Cir. 2011).

To qualify for relief under Rule 60(b)(4), an alleged jurisdictional defect will not render a judgment void unless the court that entered the judgment "lacked even an 'arguable basis' for jurisdiction."  Espinosa, 559 U.S. at 271 (citation omitted).  "Total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and only rare instances of a clear usurpation of power will render a judgment

5

void." Id. (citation omitted). Accordingly, for purposes of Rule 60(b)(4), "jurisdiction" refers to the court's adjudicatory authority. Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 160-61 (2010); see also Nemaizer v. Baker, 793 F.2d 58, 65 (2d Cir. 1985); 12 Moore's Federal Practice § 60.44[2][a] (2019).

Separately, a motion for relief pursuant to Rule 60(b)(4) must be made "within a reasonable time." Fed. R. Civ. P. 60(b)(4). Federal courts have been lenient in defining the term "reasonable time" with respect to voidness challenges to judgments entered in default. "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 124 (2d Cir. 2008). Where a party moves under Rule 60(b)(4) to vacate a default judgment, courts have often stated that the motion "may be made at any time." Id. (citation omitted). Whether delay by a movant is reasonable, however, depends on the facts of the case. See, e.g., Grace v. Bank Leumi Tr. Co. of N.Y., 443 F.3d 180, 190-91 (2d Cir. 2006); Days Inns Worldwide, Inc. v. Patel, 445 F.3d 899, 906 (6th Cir. 2006).

Romeril's motion is denied for two independent reasons. First, the motion was not brought within a reasonable time. Romeril brings this motion nearly sixteen years after the Judgment was entered. While the SEC does not explicitly oppose Romeril's motion on the ground that it is untimely, its opposition highlights that Romeril has enjoyed the benefits of

6

his settlement with the SEC for the entirety of the sixteen years between the Judgment and Romeril's motion.  Even now, Romeril does not seek a trial; he seeks to keep the Consent in place while excising its no-deny provision.  But Romeril does not contend that he lacked notice of the terms of the Consent or the Judgment.  At the time he executed the Consent, he was represented by competent and experienced counsel.  Nor does he suggest that any interim action by the SEC contributed to his extraordinary delay in bringing this motion.  Romeril's sixteen-year delay is unreasonable.

Second, even if the motion could be found to be timely, and it cannot, Romeril has not identified a jurisdictional defect or violation of due process that would render the Judgment void for purposes of Rule 60(b)(4).  Romeril does not dispute personal jurisdiction.  And this Court properly exercised subject matter jurisdiction over the SEC's claims pursuant to 15 U.S.C. §§ 78u(d) and 78aa (jurisdiction to enforce Securities Act of 1933 and Securities Exchange Act of 1934), as well as 28 U.S.C § 1331 (federal question jurisdiction).  In the Consent, Romeril acknowledged this Court's jurisdiction over him and the subject matter of the action.  In his proposed amended consent and judgment, he continues to acknowledge this Court's jurisdiction.

Romeril's motion likewise does not suggest that the Judgment is void due to a violation of his due process rights.

He does not, and could not, argue that he was deprived of notice of the SEC action or of an opportunity to be heard. While represented by counsel, he executed the Consent and waived his right to trial. Had he chosen to contest the SEC's claims, he would have been able to present his defense to a jury and appeal any adverse verdict.

Romeril argues that, because a judgment containing a no-deny provision is an unconstitutional prior restraint in violation of the First Amendment, the Judgment is void for purposes of Rule 60(b)(4).[1] In support of this claim, Romeril principally relies on Crosby v. Bradstreet Co., 312 F.2d 483 (2d Cir. 1963). In Crosby, the Court of Appeals vacated an "extremely broad" order, entered on consent, that prohibited the defendant from publishing "any report, past, present, or future, about certain named persons." Id. at 485. The Court held that that injunction constituted a prior restraint, that a court is "without power" to make such an order, and that it is "immaterial" that the parties agreed to it. Id.

---

[1] Romeril also argues, in a footnote in his reply, that the Judgment is void under Rule 60(b)(4) because the no-deny provision is unconstitutionally vague. An argument mentioned only in a footnote is not adequately raised and need not be considered. See Niagra Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 107 (2d Cir. 2012). In any event, this iteration of his challenge to the no-deny provision does not reflect the type of due process violation that could render a judgment "void" under Rule 60(b)(4).

Crosby is of no assistance to Romeril. As the Supreme Court recently explained in Espinosa, a party must identify "a certain type of jurisdictional error" if it seeks to invoke Rule 60(b)(4) because of an asserted jurisdictional deficiency in the judgment. 559 U.S. at 171. There is no such jurisdictional error here. This Court had subject matter jurisdiction over this securities action and the authority to enter the Judgment.

Even assuming Crosby survives Espinosa, an issue that it is unnecessary to reach, its holding is inapplicable to Romeril's argument here. The Court of Appeals in Crosby appeared to conclude that it had no power to enjoin the publication of information without regard to its truth or falsity. 312 F.2d at 485. As explained by the Sixth Circuit, Crosby turned on a unique jurisdictional issue. Northridge Church v. Charter Twp. of Plymouth, 647 F.3d 606, 612 (6th Cir. 2011). The scope of the Judgment entered in this case presents no comparable jurisdictional issue. The no-deny provision does not implicate this Court's jurisdiction to enter the Judgment in this securities action.

**Conclusion**

Romeril's May 6, 2019 motion for relief from the Judgment is denied.

Dated: New York, New York
November 18, 2019

```
_____
          DENISE COTE
    United States District Judge
```